order
SAYRE, JUDGE:
An application of the claimant, Alva P. Jones, for an award under the West Virginia Crime Victims Compensation Act, was filed January 25,2005. The report of the Claim Investigator, filed July 22, 2005, recommended that no award be granted, to which the claimant filed a response in disagreement. An Order was issued on September 26, 2005, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed October 27, 2005. This matter came on for hearing March 29, 2006, the claimant appearing in person, and Assistant Attorney General Benjamin F. Yancey, III, for the State of West Virginia.
On June 30, 2004, the 25-year-old claimant was the victim of criminally injurious conduct in Charleston, Kanawha County. The claimant was sitting outside his mother’s home when the offender, Nina Clayter, struck him in the face and ankle, breaking the ankle in two places.
This Court’s initial denial of an award was based on the Claim Investigator’s finding that the claimant was not an innocent victim of crime. W. Va. Code §14-2A-3(1) states: “ ‘Contributory misconduct’ means any conduct of the claimant... that is unlawful or intentionally tortious and that, without regard to the conduct’s proximity in time or space to the criminally injurious conduct has causal relationship to the criminally injurious conduct that is the basis of the claim ...”
The claimant testified at the hearing of this matter that on the day of the incident he had been outside his mother’s home talking with a reporter when the offender, Nina Clayter, approached and began yelling at him. Mr. Jones stated that later that same day, at approximately 6:00 p.m., he and his brother were sitting on the front steps of his mother’s home when the offender again began to yell at him. He testified that Ms. Clayter started throwing empty bottles which struck the steps below him. The offender also continued yelling at him, saying that he did not belong in the neighborhood and that she was going to “whip his ass.” According to Mr. Jones, at this point the offender came across the street and struck him in the side of the head with brass knuckles. The claimant then stood up and pushed the offender out into the street and told her to go away. Mr. Jones turned around to walk back to the house *197 when Ms. Clayter struck him in the ankle, breaking it. Mr. Jones also testified that his glasses had been broken and one of his front teeth was broken when he was struck in the face.
The Claim Investigator’s original finding was that the claimant was guilty of contributory misconduct within the meaning of the statute. The original Order upheld the Claim Investigator’s finding, disallowing the claim. Thus it became the claimant’s burden to prove by a preponderance of the evidence that he was not guilty of contributory misconduct. The Court is of the opinion that he did not meet this burden. There was evidence that the claimant walked out into the street and began yelling back at the offender, which led to a physical altercation and the claimant’s victimization. Since there was no evidence presented that the claimant was not guilty of contributory misconduct, the Court must deny this claim.
The Court is constrained by the evidence to stand by its previous ruling; therefore, this claim must be, and is hereby, denied.